ANNA C. WALLACE, DEFENDANT IN ERROR, v. NEWTON
HAINES, PLAINTIFF IN ERROR.

Argued June 5, 1908—Decided November 9, 1908.

A drum, part of a laundry mangle, was revolving rapidly towards a rigid rod which extended across the machine parallel with, and about one inch from, the drum. The plaintiff was employed as a laundress in which service it was her duty to see that the machine was supplied with the materials to be laundered. The drum was carrying a fabric towards the rod, between which and the drum it was passing, and the plaintiff placed her hand upon the drum in trying to remove a fold in the fabric. The rapid motion of the drum carried plaintiff's hand to and under the rod, causing the injury for which suit was brought. The machine was not defective, and the plaintiff, having worked with mangles of similar character, was familiar with the construction and operation of the machine causing the injury. *Held*, that the danger of having her hand drawn under the rod, if she put it on the revolving drum, was an obvious one, the risk of which plaintiff had assumed.

---

On error to Atlantic Circuit Court.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *John J. Crandall.*

The opinion of the court was delivered by

BERGEN, J. At the close of the plaintiff's case it appeared that she, while in the employ of defendant as laundress, was injured by a mangle, which is a machine used in the work she was employed to do; that the parts of the machine causing the injury was a revolving heated drum, and a small rigid metal rod extending from one side of the mangle to the other parallel with, and about one inch from, the drum, and that the injury was caused because in trying to straighten a fold in the fabric which was being carried on the drum, her hand was caught between the drum and rod and so seriously burned as to require its amputation. There was no evidence that the machine was defective, for although there was some evidence that the rod was not equally distant along its whole length from the drum, that evidence was, on plaintiff's motion, stricken out, and all that remained to go to the jury was the fact, that with a drum rapidly revolving towards a metal rod, with but the space of an inch between the drum and rod, the plaintiff put her hand on the drum to remove a fold in the fabric which was being carried on it between the drum and rod, and that in so doing her hand was carried with the drum and caught between it and the rod. We are of opinion that such a result was the obvious consequence of her act, and that the case falls directly within the rule laid down by the Court of Errors and Appeals in *Mika* v. *Passaic Print Works, 47 Vroom* 561, recently decided, and the refusal to grant the motion for a nonsuit made by the defendant at the close of plaintiff's case was an error which requires the reversal of this judgment. The charge to the jury discloses that there was no disputed question of fact submitted. Certain legal principles were stated which if applied to the undisputed facts entitled the defendant to a favorable direction. The judgment is reversed and a *venire de novo* ordered.

For damages suffered by him as the result of the injuries

to his wife, the husband of the plaintiff, Campbell Wallace, brought his suit and recovered a judgment against this defendant, which was removed to this court by a writ of error, and as his right to recover rested upon the same facts, the cases were argued together. We have determined that the proofs did not support the judgment in favor of the wife, and the conclusion in that case controls the result in the action brought by the husband. The judgment in that case is also reversed, and a *venire de novo* ordered.